In this case the Florida Western Northern Railroad Company, a corporation brought condemnation proceedings to acquire certain real estate for its corporate use in Palm Beach County.
One James A. Brown intervened in the suit claiming an interest in the property sought to be condemned under and by virtue of a contract for purchase and sale entered into between himself and the defendant, James Griffith or Griffis.
Josephine Williams Jones intervened claiming the fee simple title to the entire property.
The judgment was in favor of Griffis for the sum of Four Thousand ($4,000.00) Dollars except the sum of One Thousand Two Hundred and Thirteen ($1,213.00) Dollars thereof due the intervenor, James A. Brown, and that there is no estate in said land other than that of James G. Griffis and James A. Brown, and also for the sum of Two Hundred Fifty ($250.00) Dollars as attorney's fees.
It appears to us that the record in this case including the evidence establishes the following state of facts, to-wit:
Joseph E. Williams was a colored preacher residing at Grove Park in Alachua County, Florida sometime in the latter 80's and there he married one Ella Timmons. Some two or three years after his marriage to Ella Timmons a *Page 815 
girl child was born to that union. Soon after the birth of the child Joe Williams left that part of the state and took up his abode in Palm Beach County and there he married Christine. In 1902, a number of years after he married, he acquired the property involved in this suit and established his home thereon.
About 1903 Joe Williams died and Christine, his wife, remained in possession of the property.
The record does not show conclusively whether or not Joe Williams had indulged in the formality of procuring a divorce from Ella before he married Christine, and therefore, in this case it is immaterial whether or not the first marriage was annulled by divorce prior to the second marriage. The first wife and child were both living at the time of the second marriage. So it is that when Joe Williams died he left surviving him a widow and one child, the widow being in the exclusive possession of the homestead.
The record discloses no will to have been made by Joe Williams and likewise the record discloses no election to take a child's part by the widow. Therefore under the law the widow took dower in the husband's estate and during her life time was lawfully entitled to possession of the homestead.
The record does not disclose that any dower in any property was set aside for her. Christine Williams soon after the death of Joe Williams married defendant, James G. Griffis, in 1904. Then she and Griffis continued in possession of the property making it their home until probably 1917 or 1918, when Christine on account of her illness, went back to Madison County leaving Griffis in possession of the property. In 1919 Christine died leaving a will by which she devised the property to a niece. Later Griffis acquired a pretended title through mesne conveyances *Page 816 
from this niece. This suit was instituted March 27, 1924.
As to this estate James G. Griffis took nothing by inheritance from his wife, Christine, neither did the will of Christine whereby she attempted to devise the property to her niece vest in the niece any estate in the lands because Christine had not elected to take a child's part and there being a living child of Joe Williams at the time of his death, the widow, Christine, took only a life estate in the property and at her death the entire estate passed to the child, the intervenor, Josephine Williams Jones, under the provisions of Secs. 5483 and 5484 Comp. Gen. Laws 1927.
The judgment should therefore be reversed, the cause remanded for further proceedings not inconsistent with this opinion and it is so ordered.
Reversed.
WHITFIELD, P. J., AND STRUM, J., concur.
TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.